Appeal, by permission of the Appellate Division of the Supreme Court in the first judicial department, from a determination of the Appellate Term of the Supreme Court in the same judicial department, entered February 7, 1946, which affirmed a judgment of the Municipal Court of the City of New York, Borough of Manhattan, awarding a summary judgment in favor of plaintiff, entered July 11, 1945.

Per Curiam.

The accidental injury to plaintiff’s ankle sustained while he was in the armed forces apparently did not interfere with the full performance by him of his duties in a civilian occupation. In its policy defendant agreed in case of disabling accidental injury to pay for “ Loss of Time ”, As defendant claims that plaintiff was fully employed in an occupation of his own choosing during the period for which he claims total disability, there is an issue as to whether defendant would be liable for disability payments in such circumstances.
The question as to whether plaintiff’s injury “ wholly and continuously disabled him from the prosecution of every duty pertaining to his occupation ” is an issue of fact. Though we assume that military service was plaintiff’s occupation within the terms of the policy, the action of the military authorities in finding that he was permanently incapacitated from further active military service is not conclusive. Defendant may be able to establish by independent proof that plaintiff’s injury did not wholly and continuously disable him, but only partially incapacitated him “ from performing the important duties of his occupation.” In that event plaintiff would he entitled only to partial disability benefits. Such benefits, it seems, he has already received in full.
Moreover, defendant is not precluded by plaintiff’s proof in a case of this character where the facts are not within its knowledge; it is entitled to cross-examine plaintiff as to the nature and extent of the disability during the time for which compensation is asserted. (Suslensky v. Metropolitan Life Ins. Co., 180 Misc. 624, 626, affd. 267 App. Div. 812.)
Accordingly plaintiff was not entitled to summary judgment. The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and the motion for summary judgment denied, with costs to the defendant-appellant in all courts.
*990 Martin, P. J., Cohn, Callahan, Peck and Van Voorhis, JJ., concur.
Determination of the Appellate Term and judgment of the Municipal Court unanimously reversed and the motion for summary judgment denied, with costs to the defendant-appellant in all courts.